### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MICHAEL E. SCHUPPE,

     Plaintiff,

v.

HARRIS & HARRIS, LTD.

     Defendant.

Case No.  1:18-cv-08221

### COMPLAINT

NOW COMES, MICHAEL E. SCHUPPE, JR., by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of HARRIS & HARRIS, LTD., as follows:

### NATURE OF THE ACTION

1.     This is an action brought by a consumer seeking redress for alleged violation(s) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.     MICHAEL E. SCHUPPE, JR. ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

5.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6.     HARRIS & HARRIS, LTD. ("Defendant") operates as a collection agency and law firm. It offers outstanding accounts receivable services. The company also focuses on litigation management, disaster recovery, debt purchasing, asset identification, commercial insurance

resolution, and primary and secondary contingency collection activities. It serves government agencies, and utility and healthcare industries in the United States. Harris & Harris, Ltd. was founded in 1968 and is based in Chicago, Illinois.

7.      Harris & Harris is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8.      At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 1770.

9.      At all times relevant, Plaintiff's number ending in 1770 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

11.     On February 10, 2018, Plaintiff was cited for unlawful possession of less than 30 grams of cannabis in violation of Chapter 6 Section 6C-5 of Glendale Heights Village Code.

12.     On April 20, 2018, Plaintiff entered a guilty plea and was assessed a $500.00 fine by Circuit Court for the Eighteenth Judicial Circuit (DuPage County, Illinois).

13.     On or around August 31, 2018, Village of Glendale Heights enlisted Defendant to collect this fine.

14.     Almost immediately, Plaintiff fell victim to Defendant's relentless collection campaign as they placed 3-4 calls daily.

15.     On multiple occasions, Plaintiff answered.  Each time, Plaintiff was received by clear pause prior to being connected to Defendant.

16.     Each time, Plaintiff informed Defendant that he is trying to make payments; will do so with Village of Glendale Heights directly; before asking that they stop calling.

2

17.     In spite of Plaintiff's multiple requests, Defendant continued to call Plaintiff dozens of times until December 12, 2018, when Plaintiff paid this fine.

## DAMAGES

18.     Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

19.     Defendant's telephone harassment campaign have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)

20.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

21.     Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

22.     Upon information and belief, based on the lack of prompt human response, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

23.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

24.     Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

25.     As a result of Defendant violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

26.     As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.      find that Defendant violated 47 U.S.C. § 227 *et seq.*;

B.      enjoin Defendant from placing calls to Plaintiff pursuant to 47 U.S.C. § 227(3)(A).

C.      award statutory damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(3)(B);

D.      award treble damages up to $1,500.00, for each such violation pursuant to 47 U.S.C. § 227(3)(C); and

E.      award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

December 14, 2018                                        Respectfully submitted,

                                                        */s/ Joseph Scott Davidson*

4

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Michael E. Schuppe*