UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL E. SCHUPPE, <br><br> Plaintiff, <br><br> v. <br><br> HARRIS & HARRIS, LTD., <br><br> Defendant. | 1:18-cv-08221 <br><br> Honorable Ronald A. Guzman |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION TO DISMISS**

MICHAEL E. SCHUPPE ("Plaintiff"), through counsel, SULAIMAN LAW GROUP, LTD., in response to HARRIS & HARRIS, LTD.'s ("Defendant") Motion to Dismiss (the "Motion") states as follows:

**INTRODUCTION**

Plaintiff incurs a fine and does not pay. The Village of Glendale Heights hires Defendant to dun Plaintiff for the money. Defendant puts a machine on the job and repeatedly calls Plaintiff. The machine, called an automated telephone dialing system ("ATDS") works autonomously until a human voice comes on the line. If that happens, an employee in Defendant's call center will join the call. Plaintiff repeatedly asks them to stop. An ATDS lacks human intelligence and, like the buckets enchanted by the Sorcerer's Apprentice, continue until stopped by their true master. Meanwhile, Plaintiff has had to endure dozens of unconsented-to phone calls and the annoyance that accompanies them.

1

As opposed to focusing on merits of this case, Defendant instead attempts to distract the Court by fabricating exceptions that don't exist or by raising factual issues inappropriate to be adjudicated at this time. For the reasons stated herein, Defendant's Motion must be denied.

## BACKGROUND

On February 10, 2018, Plaintiff was cited for unlawful possession of less than 30 grams of cannabis in violation of Chapter 6 Section 6C-5 of Glendale Heights Village Code. (Compl. ¶ 11). On April 20, 2018, Plaintiff entered a guilty plea and was assessed a $500.00 fine by the Circuit Court for the Eighteenth Judicial Circuit in DuPage County, Illinois. (*Id*. at ¶ 12). Plaintiff did not pay this fine. On or before August 31, 2018, the Village of Glendale Heights employed Defendant, a debt collector, to collect this fine. (*Id*. at ¶ 13).

Immediately, Plaintiff fell victim to Defendant's collection call campaign. (*Id*. at ¶ 14). On several occasions, Plaintiff answered. (*Id*. at ¶ 15). Each time, Plaintiff experienced a "clear pause" prior to being connected to Defendant's employee. *Id*. Each time, Plaintiff informed Defendant that he will make payment directly to the Village of Glendale Heights before asking them to stop calling. (*Id*. at ¶ 16). In spite of Plaintiff's requests, Defendant called Plaintiff on dozens of occasions thereafter utilizing an ATDS. (*Id*. at ¶ 17).

## LEGAL STANDARD

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, (2007). These requirements

2

ensure that a defendant receives "fair notice of what the … claim is and the grounds upon which it rests." *Id.* at 555, 127 S. Ct. at 1964.

Federal Rule of Civil Procedure 8 requires a plaintiff to include "a short and plain statement of the claim" that entitles him to relief. Fed. R. Civ. P. 8(a)(2). Consequently, a court may grant a motion to dismiss under Rule 12(b)(6) only if the complaint lacks enough facts "to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570; *Killingsworth v. HSBC Bank Nev., N.A.* 507 F.3d 614, 618-19 (7th Cir. 2009).

A motion to dismiss under Rule 12(b)(6) tests the factual sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011).

**ARGUMENT**

**I.    Defendant is not a government entity; therefore, Defendant is liable under the TCPA.**

The Telephone Consumer Protection Act (the "TCPA") 48 Stat. 1064, 47 U.S.C. § 227(b)(1)(A)(iii), prohibits any person, absent the prior express consent of a telephone call-recipient, from "mak[ing] any call … using any automatic telephone dialing system … to any telephone number assigned to a paging service [or] cellular telephone service." The TCPA itself doesn't define "person." However, the Communications Act of 1934, which includes the TCPA, states that the word "person" includes an individual, partnership, association, joint-stock company, trust, or corporation." 47 U.S.C. § 153(39).

Defendant argues that the plain language of the statute compels the conclusion that a "person" cannot include government entities. Specifically, Defendant argues that since it sought

3

to collect debt on behalf of a governmental entity, it acquired derivative status as a governmental entity; therefore, is not a "person" as defined by statute. Defendant's argument must fail because whether the Village of Glendale Heights is a "person" as defined by statute is irrelevant as it is Defendant and not the Village of Glendale Heights that called Plaintiff.

Defendant argues that since it was collecting a debt for the Village of Glendale Heights, a governmental entity, it is not subject to the TCPA because governmental entities are not subject to the TCPA. Defendant's argument misses the mark by a wide margin because it was *the Defendant* and not the Village of Glendale Heights that placed the calls to Plaintiff. Realizing the fatal distinction, Defendant unartfully pivots and argues that since the governmental entities are not "persons" under the TCPA, Defendant obtains derivative classification as a governmental entity. Remarkably, Defendant cites to **no authority** to support its position. Instead, Defendant desperately attempts to distract the court with blatantly misplaced authority regarding the application of agency principles and vicarious liability in a TCPA context. Plaintiff does not dispute that the agency principles apply in a TCPA context (*e.g.* a principal is liable for an agent's violation of the TCPA). However, the agency principles in a TCPA context only apply in determining the scope of liability (e.g. principal/agent) and does not apply to whom is covered by the *term "person"* as defined by the TCPA. Notably, Defendant does not cite to **any authority** that stands for the proposition that a collection agency may step into the shoes of the entity it was collecting debts for for the purposes of determining express TCPA coverage.

Here, Defendant is an entity that specializes in debt collection. *See* Compl. at ¶6. According to the Illinois Secretary of State, Defendant is registered as a "corporation." *See*

attached Exhibit A.[1] Since Defendant is a corporation, it is a "person" as expressly defined by the TCPA. Accordingly, Defendant is subject to TCPA liability as a matter of law.

Notably, the TCPA does include one exemption for entities collecting debts *owed to or guaranteed by the United States government*. Here, the subject debt is a municipal fine owed to the Village of Glendale Heights, not the United States government. Accordingly, the sole exemption regarding debt collection does not apply to Defendant. Had Congress intended to exempt entities collecting debts owed to *any* governmental entities from the TCPA, it would have expressly provided an exemption for the same. *See Time Warner Cable v. Doyle*, 66 F.3d 867, 876 (7th Cir. 1995) ("[t]he plain language of the statute is the most reliable indicator of congressional intent."); *see also Castellon-Contreras v. INS,* 45 F.3d 149, 153 (7th Cir. 1995) (holding that statutory language should be conclusive "except in the rare cases the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters). However, as demonstrated by the express language of the TCPA, there is no exemption for entities that are collecting municipal fines. Accordingly, Defendant's attempt to inject a non-existing exemption to the TCPA must fail as a matter of law.

---

[1] The Court may take judicial notice of matters of public record, including records maintained by the Illinois Secretary of State. *Crisostomo v. Schneider-Kidan,* 2007 U.S. Dist. LEXIS 103831 (N.D. Ill. 2017) *citing Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012) (stating that, on a motion to dismiss, "[a] court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned"); *see also Trent v. Ohio Nat'l Life Ins. Co*., No. CIV. 10-715-GPM, 2010 U.S. Dist. LEXIS 114649, 2010 WL 4385496, at *3 (S.D. Ill. Oct. 28, 2010) (taking judicial notice of online records of corporations maintained by the Illinois Secretary of State).

Finally, Defendant's agency argument suffers from a fatal defect. Specifically, it *assumes* that Defendant is an agent of the Village of Glendale Heights. However, "[n]ot all relationships in which one person provides services to another satisfy the definition of agency." Restatement (Third) of Agency § 1.01. Agency principles are applicable only if Defendant is in fact an agent of the Village of Glendale Heights. However, whether an agency relationship is present remains to be seen.

## II. Plaintiff's TCPA Claim is Adequately Pled.

### A. Plaintiff's Complaint provides detailed allegations to plausibly suggest that Defendant used an ATDS

Defendant argues that Plaintiff simply alleges that (1) Defendant used an ATDS to place calls; and (2) Plaintiff experienced "pause" after answering Defendant's calls; hence fails to plead sufficient facts to plausibly suggest that Defendant used an ATDS to place the relevant calls. To state a cause of action under the TCPA, a plaintiff must allege that: (1) a call was made; (2) the caller used an ATDS or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone service; and (4) the caller did not have prior express consent of the recipient. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1); *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 905 (N.D. Ill. 2012). The TCPA defines an ATDS as equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. *Blow v. Bijora, Inc.*, 855 F.3d 793, 800 (7th Cir. 2017) citing 47 U.S.C. § 227(a)(1).

In this case, Plaintiff alleges that:

- On multiple occasions, Plaintiff answered. Each time, Plaintiff was received by clear pause prior to being connected to Defendant. (Compl. ¶ 15).

6

- Upon information and belief, based on the lack of prompt human response, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone. (*Id*. at ¶ 22).

- Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause. (*Id*. at ¶ 23).

The face of Plaintiff's Complaint demonstrates that Plaintiff has provided detailed allegations that make it plausible that an ATDS was used. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964. Furthermore, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Here, Plaintiff's Complaint pleads factual content to give Defendant fair notice of Plaintiff's TCPA claims as well as grounds upon they rest. Moreover, the allegations are clearly sufficient to support the **plausible** conclusion that an ATDS was used.

Moreover, it is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS, such as what type of machines were used to make a call or how those machines functioned. *Johansen v. Vivant, Inc.,* 2012 U.S. Dist. LEXIS 178558, at *10-11 (N.D. Ill. 2012); s*ee also Torres v. National Enterprise Systems, Inc*., 2012 U.S. Dist. LEXIS 110514, 2012 WL 3245520 *10 (N.D. Ill. 2012). It is not unreasonable, however, to require a plaintiff to describe the phone calls he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were delivered via the ATDS. *See Vance v. Bureau of Collection Recovery LLC*, 2011 U.S. Dist. LEXIS 24908, at *2, 7 (N.D. Ill. 2011).

This approach does not burden plaintiffs unduly by requiring pleading of technical details impossible to uncover without discovery, rather it necessitates that they plead **only facts easily available to them** on the basis of personal knowledge and experience. *Johansen v. Vivant, Inc.*, 2012 U.S. Dist. LEXIS 178558, at *11 (N.D. Ill. 2012). Other courts in this district have similarly held that "it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the type of machine used [to place phone calls]." *Torres*, 2012 U.S. Dist. LEXIS 110514, at *10. The court elaborated further that "[u]nder such a standard, defendants would be virtually immune to TCPA claims, which clearly is not what was intended by Congress in creating the TCPA." *Id*. at *10-11.

Simply stated, a plaintiff may sufficiently plead a defendant used an ATDS without providing allegations regarding the specific technical details of the alleged ATDS. *See Hayes v. Receivables Performance Mgmt., LLC*, 2018 U.S. Dist. LEXIS 165084, at *18-20 (N.D. Ill. 2018) (holding that alleging distinctive "click and pause" or "dead air" when he answered defendant's phone calls is sufficient to support the reasonable inference that Defendant used an ATDS to place calls). For example, one court explained a plaintiff may meet the TCPA's second element by describing:

> the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the "person" calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was prerecorded or delivered via an ATDS.

*Ananthapadmanabhan v. BSI Fin. Servs.*, 2015 U.S. Dist. LEXIS 167649, at *11-12 (N.D. Ill. 2015). Another court suggested hearing the distinctive "click and pause" after answering a call could support a plaintiff's claim that the call was made with an ATDS. *Martin v. Direct Wines, Inc.*, 2015 U.S. Dist. LEXIS 89015, at *5 (N.D. Ill. 2015).

Here, Plaintiff alleges both that he has experienced the distinctive "clear pause" after answering calls from Defendant, and that he experienced "lack of prompt human response" when he answered Defendant's calls. Given these experiences, Plaintiff infers that Defendant used an ATDS to place these calls. Considering the precedent above, Plaintiff has pled sufficient facts to support the reasonable inference that Defendant used an ATDS to place the relevant calls.

### B. A system need not actually store, produce, or call randomly or sequentially generated telephone numbers to be an ATDS.

Defendant argues that Plaintiff doesn't allege that Defendant's dialing system is able to dial randomly or sequentially; thus, Plaintiff's TCPA claims must fail. However, Defendant's contention must fail as the TCPA defines an ATDS as "equipment which has the **capacity** (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." Accordingly, a system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the **capacity** to do it. *Satterfield v. Simon & Schuster, Inc.*, 569 F. 3d 946, 951 (9th Cir. 2009); citing *Meyer v. Portfolio Recovery Associates, LLC*, 707 F. 3d 1036, 1043 (9th Cir. 2012).

Here, Defendant's position blatantly ignores the term "**capacity**" contained in the express language of the TCPA. As stated herein, Defendant's dialing system capacity remains to be seen as Plaintiff has not engaged in discovery. Accordingly, Defendant's argument is blatantly premature as well as belied by the express language of the TCPA.

Moreover, Defendant's argument must also fail because a system only needs to have the capacity to "store" numbers pre-loaded in its system and dial those number automatically to qualify as an ATDS. In other words, if the system has the capacity to store numbers, it does not need to also have the capacity to generate numbers randomly or sequentially to qualify as an ATDS. The

9

Ninth Circuit Court of Appeals has recently held that "the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to **dial stored numbers automatically**." *Marks v. Crunch San Diego, LLC,* 2018 U.S. App. LEXIS 26883, at *25-26 (9th Cir. 2018) (emphasis added). The *Marks* court elaborated that "we read §227(a)(1) to provide that the term automatic telephone dialing system means equipment which has the capacity (1) to **store numbers** to be called **or** (2) to produce numbers to be called, using a random or sequential number generator -- and to dial such numbers." *Id.* As highlighted in *Marks*, a system qualifies as an ATDS if it has the capacity to **store** numbers and calls those numbers automatically. *See also 2015 Declaratory Ruling, 30 FCC Rcd. at 7971-72* (FCC reaffirming previous orders finding that a system qualifies as an ATDS even when the caller is calling a set list of consumers and not generating the numbers randomly or sequentially); *Heard v. Nationstar Mortg. LLC,* 2018 U.S. Dist. LEXIS 143175, at *17-18 (N.D. Ala. 2018) (finding to qualify as an ATDS, a system only need to "store" numbers and call them; finding that to hold that a system is not an ATDS simply because it dials numbers that were pre-loaded in its system, opposed to randomly generated numbers, would unnecessarily limit the TCPA's application).

Here, it is unknown at this time how Defendant obtained Plaintiff's number. However, logic dictates that Defendant at one point stored the number in its system that also has the capability to place outbound calls. Notably, Defendant does not contend it did not "store" the number at issue in its system that then automatically dialed the number. The exact methodology Defendant employed to place calls to Plaintiff has yet to be determined as the Plaintiff has not been afforded the opportunity to examine Defendant's dialing system through the discovery process. Accordingly, Defendant's arguments are premature and must be rejected. *See Johansen*, 2012 U.S.

Dist. LEXIS 178558, *10-11 (N.D. Ill. 2012) (finding it was unreasonable to require a plaintiff, at the pleading stage in a TCPA case, to prove up the specific details of a defendant's alleged ATDS without the benefit of discovery); *see also Hayes,* 2018 U.S. Dist. LEXIS 165084, Footnote 5 (N.D. Ill. 2018) (finding that defendant's challenge of the definition of an ATDS at the pleading stage to be premature as plaintiff has not had the benefit of discovery on the system employed by defendant to place the calls in question). Consequently, Defendant's contention that Plaintiff's TCPA claim fails at this early juncture must fail.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss must be denied.

DATED: March 26, 2019　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　**MICHAEL E. SCHUPPE**

　　　　　　　　　　　　　　　　　　　　　　　　　By: */s/ Joseph S. Davidson*

　　　　　　　　　　　　　　　　　　　　　　　　　Joseph S. Davidson
　　　　　　　　　　　　　　　　　　　　　　　　　**SULAIMAN LAW GROUP, LTD.**
　　　　　　　　　　　　　　　　　　　　　　　　　2500 South Highland Avenue
　　　　　　　　　　　　　　　　　　　　　　　　　Suite 200
　　　　　　　　　　　　　　　　　　　　　　　　　Lombard, Illinois 60148
　　　　　　　　　　　　　　　　　　　　　　　　　+1 630-575-8181
　　　　　　　　　　　　　　　　　　　　　　　　　jdavidson@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Joseph S. Davidson*