**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL E. SCHUPPE, | ) | |
|     Plaintiff, | ) | No. 18 C 8221 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| HARRIS & HARRIS, LTD., | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the motion to dismiss [12] is denied.

**STATEMENT**

Defendant allegedly contacted Plaintiff on numerous occasions using an automated telephone dialing system ("ATDS") to collect a debt that Plaintiff owed to the Village of Glendale Heights. Despite Plaintiff's repeatedly asking Defendant to stop calling him, the phone calls continued. Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA"). Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

The TCPA provides that:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ["ATDS"] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1)(A)(iii). The TCPA does not define "person," but the Communications Act of 1934, which the TCPA amended, defines person as an "individual, partnership, association, joint-stock company, trust or corporation." 47 U.S.C. § 153(39). Defendant first moves to dismiss on the ground that it is not subject to the TCPA because it is not a "person" as a defined by the statute. Given the definition, the Court's analysis would generally involve a straightforward application of the language of the statute to the facts at hand and find that Defendant, as a corporation, is subject to the TCPA.

Defendant argues, however, that it is an agent of the Village of Glendale Heights, and thus cannot be held liable under the TCPA because state and local government entities are not "persons" under the TCPA. According to Defendant, "when federal statutes define 'person' using similar lists as the one used in the [Communications Act], they have been held not [to] include municipalities or local governments." (Def.'s Mot. Dismiss, Dkt. # 13, at 3.) In support, Defendant cites *Abbott v. Village of Winthrop Harbor*, 205 F.3d 976 (7th Cir. 2000), in which the Seventh Circuit addressed whether the Federal Wiretap Act, which defined "person" as "any employee, or agent of the United States or any State or political subdivision thereof, and any individual, partnership, association, joint stock company, trust or corporation," applied to municipalities. *Id*. at 980. The court concluded that municipality was not included in the defined list of "persons," and thus, "[a]bsent a clearly expressed legislative intent to the contrary, the statutory language must be regarded as conclusive." *Id*. As a result, the Village's police chief, who had directed the recording of calls made on the "non-emergency administrative line for the fire and police department and the designated line for personal calls" was not liable for violating the Federal Wiretap Act. *Id*. at 978, 980. Defendant contends the same analysis should apply to the TCPA, therefore exempting the Village of Glendale Heights from the TCPA.

As Plaintiff notes, however, the named defendant is not the Village of Glendale Heights, but the collection firm apparently hired by the Village to collect the debt. (Compl., Dkt. # 1, ¶ 13 ("On or around August 31, 2018, Village of Glendale Heights enlisted Defendant to collect this fine.").) Defendant argues that as a contractor of the Village, it is not included in the definition of "person" under the TCPA. In support, Defendant points to a 2016 Declaratory Ruling by the Federal Communications Commission ("FCC"), which "clarif[ied] that the term 'person,' as used in section 227(b)(1) [of the TCPA] and our rules implementing that provision, does not include the federal government *or agents acting within the scope of their agency* under common-law principles of agency." In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 31 F.C.C. Rcd. 7394, 7398 (2016) (emphasis added). The FCC recited its reasoning, in part, as follows:

- "[B]y 1991, when Congress enacted the TCPA, the Supreme Court had long applied the modern presumption that the word "person" excludes the government unless stated otherwise." *Id*. at 7400 (citations omitted).

- "[I]f a statutory requirement does not expressly apply to government entities, the government generally will not be subject to the statute unless 'the inclusion of a particular activity within the meaning of the statute

2

would not interfere with the processes of government.'" *Id*. at 7401 (noting that "subjecting the federal government to the TCPA's prohibitions would significantly constrain the government's ability to communicate with its citizens").

- "If the TCPA applied to contractors calling on behalf of the federal government, this rule would potentially allow the government to be held vicariously liable for conduct in which the TCPA allows the government to engage. That would be an untenable result." *Id*. at 7402.

- "[W]e clarify that a government contractor who places calls on behalf of the federal government will be able to invoke the federal government's exception from the TCPA[1] when the contractor has been validly authorized to act as the government's agent and is acting within the scope of its contractual relationship with the government, and the government has delegated to the contractor its prerogative to make autodialed or prerecorded- or artificial-voice calls to communicate with its citizens." *Id*.

Defendants argue that a "final FCC order interpreting the TCPA is binding on a district court under the Hobbs Act." *Physicians Healthsource, Inc. v. A-S Medication Sols. LLC*, 324 F. Supp. 3d 973, 977 (N.D. Ill. 2018). While that is true under certain circumstances, the FCC's order addressed the TCPA's application to only the federal government and its contractors, and did not decide whether the TCPA applies to *state and local* governments and its agents. On May 14, 2018, the FCC sought comments on the issue of whether state and local governments and their contractors should be subject to the same legal analysis as applied to the federal government in the FCC's 2016 Declaratory Ruling discussed above. *See* FCC, Consumer and Governmental Affairs Bureau Seeks Comment on Interpretation of the Telephone Consumer Protection Act in Light of the D.C. Circuit's *ACA Int'l* Decision, CG Docket Nos. 18-152 and 02-278, Public Notice (released May 14, 2018). The parties have recently submitted supplemental statements indicating that while over 300,000 filings have been made in response to the FCC's request for comment on the issue at hand (as well as several other issues related to interpreting the TCPA), the FCC has not released any ruling as to whether state and local governments and their agents are "persons" within the meaning of the TCPA.

The Court is hesitant to make a definitive ruling on the issue prior to receiving direction from the FCC. In any event, even assuming *arguendo* that the Court were to conclude that state and local governments and their contractors were not subject to the prohibitions delineated in the TCPA, the agency issue (*i.e.*, whether Defendant, as an apparent contractor of the Village of Glendale Heights, is its agent and therefore also exempt) is a fact-based one, which is outside the four corners of the complaint and thus, not properly decided at this stage of the litigation.

---

[1] The TCPA has an exception that applies to any call "made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii).

Accordingly, because the agency issue must wait for the completion of discovery, the Court declines to address the issue of the interpretation of the definition of "person" at this time.

To the extent that Defendant argues that Plaintiff has failed to properly allege the use of an ATDS, the motion is denied. Plaintiff alleges that he answered the phone calls purportedly placed by Defendant and that "[e]ach time, Plaintiff [heard a] clear pause prior to being connected to Defendant," and that Defendant used an ATDS to place the calls to Plaintiff. (Compl., Dkt. # 1, ¶¶ 15, 22.) These allegations are sufficient. *See Hayes v. Receivables Performance Mgmt., LLC*, No. 17 C 1239, 2018 WL 4616309, at *7 (N.D. Ill. Sept. 26, 2018) ("[A] plaintiff may state a claim by alleging facts about the call(s) she received that led her to believe a defendant used an ATDS.").

For the reasons stated above, the motion to dismiss is denied.

**Date**: June 13, 2019

                                            **Ronald A. Guzmán**
                                            **United States District Judge**